NOTICE: NOT FOR OFFICIAL PUBLICATION.
UNDER ARIZONA RULE OF THE SUPREME COURT 111(c), THIS DECISION IS NOT PRECEDENTIAL
AND MAY BE CITED ONLY AS AUTHORIZED BY RULE.

IN THE

# ARIZONA COURT OF APPEALS
### DIVISION ONE

ANTONIO R., *Appellant,*

*v.*

DEPARTMENT OF CHILD SAFETY, A.V., *Appellees.*

No. 1 CA-JV 21-0043
FILED 8-3-2021

Appeal from the Juvenile Court in Maricopa County
No. JD35764
The Honorable Todd F. Lang, Judge

**AFFIRMED**

COUNSEL

John L. Popilek, P.C., Scottsdale
By John L. Popilek
*Counsel for Appellant*

Arizona Attorney General's Office, Phoenix
By Sandra L. Nahigian
*Counsel for Appellee Arizona Department of Child Safety*

---

## MEMORANDUM DECISION

Judge Jennifer M. Perkins delivered the decision of the Court, in which Presiding Judge Cynthia J. Bailey and Judge Maria Elena Cruz joined.

---

**P E R K I N S**, Judge:

**¶1** Antonio R. ("Father") appeals the juvenile court's decision to terminate his parental rights to A.V. Mother is not a party to this appeal. For the following reasons, we affirm.

### FACTUAL AND PROCEDURAL BACKGROUND

**¶2** In February 2020, the Department of Child Safety ("DCS") took temporary custody of A.V. based on previous DCS investigations involving Mother's four other children. DCS's dependency petition for A.V. alleged Father's inability to parent due to substance abuse, domestic violence, and abandonment.

**¶3** During the dependency proceedings, the superior court sentenced Father to a six-month term of incarceration after a domestic violence dispute with Mother. DCS moved to terminate Father's parental rights to A.V. in August 2020, on abandonment and chronic substance abuse grounds.

**¶4** Father contested the termination, and the juvenile court held a hearing. Father admitted that he failed to attend any supervised visits with A.V. And while he claimed he visited A.V. multiple times without DCS supervision, he could not recall any details of those visits.

**¶5** The case manager then testified about Father's history of substance abuse, his unwillingness to complete DCS referrals, and his statement to the court that he did not want to reunify with A.V. The case manager expressed concern that Father "hasn't been building a relationship with [A.V.]," and does not have a "normal relationship" with A.V.

**¶6** The juvenile court terminated Father's parental rights on abandonment and chronic substance abuse grounds. Father timely appealed. We have jurisdiction under A.R.S. §§ 8-235(A) and 12-120.21(A)(1).

## DISCUSSION

¶7 We review the termination of parental rights for an abuse of discretion. *Titus S. v. Dep't of Child Safety*, 244 Ariz. 365, 369, ¶ 15 (App. 2018). We will uphold the juvenile court's findings of fact "if supported by adequate evidence in the record." *Christy C. v. Ariz. Dep't of Econ. Sec.*, 214 Ariz. 445, 452, ¶ 19 (App. 2007) (citation omitted). "The juvenile court, as the trier of fact in a termination proceeding, is in the best position to weigh the evidence, observe the parties, judge the credibility of witnesses, and make appropriate findings." *Jesus M. v. Ariz. Dep't of Econ. Sec.*, 203 Ariz. 278, 280, ¶ 4 (App. 2002).

¶8 "Before a State may sever completely and irrevocably the rights of parents in their natural child, due process requires that the State support its [statutory] allegations by at least clear and convincing evidence." *Santosky v. Kramer*, 455 U.S. 745, 747–48 (1982). "[S]uch a standard adequately conveys to the factfinder the level of subjective certainty about his factual conclusions necessary to satisfy due process." *Id.* at 769. On appeal, due process requires us to assess whether a reasonable factfinder could conclude based on the record that DCS met its clear and convincing evidentiary burden to sustain the termination of parental rights. *See id.* at 747–48, 769.

¶9 Father challenges the court's findings on both grounds and the court's denial of his request to supplement the record with evidence related to the substance abuse allegation.

¶10 Parental rights may be terminated if a parent abandons their child. A.R.S. § 8-533(B)(1). Abandonment is defined as "the failure of a parent to provide reasonable support and to maintain regular contact with the child, including providing normal supervision. Abandonment includes a judicial finding that the parent has made only minimal efforts to support and communicate with the child." A.R.S. § 8-531(1). The failure of a parent to maintain a "normal parental relationship" for six months is "prima facie evidence of abandonment." *Id.*

¶11 The juvenile court must consider each of the factors in A.R.S. § 8-531(1) and determine whether the parent has tried to establish or strengthen the parent's emotional connection with his child. *Kenneth B. v. Tina B.*, 226 Ariz. 33, 37, ¶¶ 18, 21 (App. 2010). We measure abandonment based on conduct and not a parent's subjective intent. *See Michael J. v. Ariz. Dep't Econ. Sec.*, 196 Ariz. 246, 249, ¶ 18 (2000). When circumstances prevent the parent from "exercising traditional methods of bonding with his child,

he must act persistently to establish the relationship however possible and must vigorously assert his legal rights to the extent necessary." *Id.* at 250, ¶ 22 (quoting *Pima Cnty. Juv. Action No. S-114487*, 179 Ariz. 86, 97 (1994)).

**¶12** The record supports the juvenile court's finding that Father abandoned A.V. by failing to maintain a normal parental relationship. Father provided no financial support or basic necessities to A.V. Father also failed to maintain even minimal contact with A.V. While he claimed he visited A.V. many times before his incarceration, the court did not find this testimony credible. And we will not invade the court's credibility determinations.

**¶13** Father asks us to consider his efforts to virtually reconnect with A.V. while incarcerated. But weighing his unsubstantiated testimony against the evidence of his failure to maintain regular contact is the province of the juvenile court. We will not reweigh this evidence on appeal. *See Jesus M.*, 203 Ariz. at 280, ¶ 4.

**¶14** Father does not challenge the juvenile court's best interests' finding. We therefore do not address the issue further. *See Michael J.*, 196 Ariz. at 249, ¶ 13. Because we affirm the juvenile court's termination of Father's parental rights to A.V. on abandonment grounds, we need not address Father's arguments related to the chronic substance abuse ground. Further, even assuming—though not deciding—that the juvenile court abused its discretion by excluding evidence related to Father's history of substance abuse, such evidence is immaterial to our holding on the abandonment ground.

**CONCLUSION**

**¶15** We affirm.



AMY M. WOOD • Clerk of the Court
FILED: AA

4